**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CYNTHIA ZAP,**

                        **Plaintiff,**

     vs.                                      6:15-cv-00624
                                                       (MAD/TWD)

**FEDERAL HOME LOAN MORTGAGE**
**CORPORATION, as the Trustee for the Freddie**
**Mac Multiclass Certificates, Series 3475; SANTANDER**
**BANK, N.A., as Loan Servicer; MORTGAGE**
**ELECTRONIC REGISTRATION SYSTEMS, INC.,**
**as Nominee; DOES 1 THROUGH 10,**

                        **Defendants.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**CYNTHIA ZAP**
120 Saint Albans Drive
Apartment #641
Raleigh, North Carolina 27609-5892
Plaintiff, *pro se*

**MCGLINCHEY STAFFORD**                  **ANDREA M. ROBERTS, ESQ.**
New York Office
112 West 34th Street, Suite 1403
New York, New York 10120
Attorneys for Santander Bank, N.A.

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

*Pro se* Plaintiff Cynthia Zap ("Plaintiff") commenced this action on May 22, 2015 against Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac"), Santander Bank, N.A. ("Santander Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and unidentified Doe Defendants 1 through 10. *See* Dkt. No. 1. On September 19, 2015, Santander Bank moved to dismiss the complaint for failure to state a cause of action, *see* Dkt. No. 20, and filed two letter

motions to dismiss for lack of subject matter jurisdiction on January 5, 2016 and March 23, 2016, *see* Dkt. Nos. 25, 27, all of which are unopposed. Neither Freddie Mac nor MERS have filed a notice of appearance.

## II. BACKGROUND

On or about June 19, 2008, Plaintiff received a residential loan from Sovereign Bank, and executed a note and mortgage in the amount of $165,000.000. Dkt. No. 1 at ¶¶ 26, 27. On this same day, the loan was sold to Defendant Freddie Mac and bundled into a group of loans that were subsequently sold to investors as a derivative "mortgage backed security." *Id.* at ¶ 35. The mortgage states that MERS was acting "solely as a nominee for Lender and Lender's successors and assigns," and was recorded as the mortgagee of record. Dkt. No. 20-3 at 3. The lender is listed as Sovereign Bank. *Id.* Santander Bank acquired Sovereign Bank on or about October 13, 2008, thereby acquiring the rights, responsibilities, and obligations of Sovereign Bank. Dkt. No. 20-13. On May 11, 2010, MERS assigned its interest in the mortgage to Sovereign Bank. *See* Dkt. No. 20-4 at 3. Plaintiff was never informed of the assignments and transfers of interest with respect to her note and mortgage. *See* Dkt. No. 1 at ¶¶ 50, 65-66, 80.

On May 14, 2010, Sovereign Bank commenced a foreclosure action against Plaintiff in New York Supreme Court of Fulton County. *See* Dkt. No. 20-5. On May 26, 2010, Plaintiff filed an answer to the foreclosure action, stating that she did not wish to contest the foreclosure but instead sought to rectify the delinquency and requested a settlement conference. Dkt. No. 20-8. On April 15, 2014, Sovereign Bank moved for summary judgment in the foreclosure action. *See* Dkt. No. 20-9. On July 14, 2014, Plaintiff filed a cross-motion for summary judgment and motion to amend her original answer, seeking to include several additional arguments for why the foreclosure action was improper. *See* Dkt. No. 20-10. In an April 8, 2015 order, Fulton County

Supreme Court denied Plaintiff's cross motion for summary judgment and motion to amend her answer and granted summary judgment in favor of Sovereign Bank. *See* Dkt. No. 20-12. On November 3, 2015, that court issued a final judgment of foreclosure and sale against Plaintiff. *See* Dkt. No. 25-1. Plaintiff did not appeal the state court judgment.

### III. DISCUSSION

**A.     Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)); *see also Sutton ex rel. Rose v. Wachovia Secs., LLC*, 208 Fed. Appx. 27, 29-30 (2d Cir. 2006) (noting that, on a motion to dismiss, a court may take judicial notice of documents filed in another court).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* FED. R. CIV. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted).

3

Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *Id.* at 570.

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "'construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002) (quoting *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir. 2000)).

**B.     Parties' Submissions**

Plaintiff did not directly respond to Santander Bank's motion. In lieu of a response and well after expiration of the response deadline, Plaintiff filed three letters with the Court. The first is a December 30, 2015 letter addressed to Fulton County Judge, Honorable Polly Hoye, that appears to seek removal of the state court foreclosure action to this Court. *See* Dkt. No. 26. The second is a March 30, 2016 letter from Plaintiff to the Federal Deposit Insurance Corporation. *See* Dkt. No. 28 at 2-5. This letter references Plaintiff's pending action in this Court, repeating

Plaintiff's main arguments that "1) Santander Bank N.A. has no attachment to ownership with all fractionalized ownership of the securitized debt currently in ownership of my mortgage, [and] 2) that there is no legal assignment of my debt within the legal timeframe into the trust to avoid any violation of the Securities and Exchange Act." *Id.* at 2. The remainder of the letter discusses general happenings within the national mortgage market and how those changes may affect Plaintiff's mortgage. Plaintiff's final submission is a March 30, 2016 letter addressed to Sergeant Robert H. Morehouse of the Fulton County Sheriff's Department. *See id.* at 6-7. In this letter, Plaintiff generally argues that the state court foreclosure proceeding was invalid. *Id.* at 6. Plaintiff states that "[a]t no time was [she] ever given service of any motion on the federal case . . . ." *Id.* However, Plaintiff references Santander Bank's motion to dismiss, and Santander Bank served and filed a supplemental notice to *pro se* litigant and affidavit of mailing with Plaintiff's correct address. *See id.*; Dkt. Nos. 20-15, 20-16. While a *pro se* litigant's papers are to be interpreted broadly, the Court finds that Plaintiff's various letters to other entities that were subsequently filed with this Court do not present any arguments in opposition to Santander Bank's motion to dismiss. Thus, the Court will treat the instant motion as unopposed.

Neither Freddie Mac nor MERS filed an answer to Plaintiff's complaint or joined Santander Bank's motion to dismiss. Notwithstanding this failure to answer, the Court will consider the arguments raised in Santander Bank's motion as if joined by each Defendant to the extent that the Defendants are in identical positions. District courts in the Second Circuit "ha[ve] the power to dismiss a complaint against non-moving defendants, but such power should be exercised cautiously and on notice." *Alki Partners, L.P. v. Vatas Holding GmbH*, 769 F. Supp. 2d 478, 499 (S.D.N.Y. 2011) (citing *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994)); *see also Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 26 n.6 (2d Cir. 1990) ("*Sua*

5

*Sponte* dismissal of the complaint with respect to [a non-appearing defendant] is appropriate [when] the issues concerning [that defendant] are substantially the same as those concerning the other defendants, and [the plaintiff] . . . had notice and a full opportunity to make out his claim against [the non-appearing defendant]"). Significantly, Santander Bank's motion seeks to "dismiss [Plaintiff's] complaint in its entirety[,]" and not just to dismiss the claims as against Santander Bank. Dkt. No. 20-14 at 15. Thus, Plaintiff was put on notice by Santander Bank's motion of the arguments being raised against all claims in her complaint. If, however, there are distinctions between each Defendant with respect to any given claim, then the Court will not consider the merits of those claims as raised against Freddie Mac and MERS.

**C.    Arguments**

*1. Rooker-Feldman Doctrine*

In letter motions dated January 4, 2016, and March 23, 2016, Santander Bank seeks dismissal of this action for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See* Dkt. Nos. 25, 27. These motions were founded upon the entry of a final judgment and sale in Plaintiff's underlying state court foreclosure action on November 23, 2015 in the Supreme Court of Fulton County. *See* Dkt. No. 25-1.

The *Rooker-Feldman* doctrine acts as a bar from federal district courts sitting in review of final state court judgments. *See Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009). The Second Circuit applies a four factor test to determine if the doctrine applies:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain [] of injuries caused by [a] state-court judgment." Third, the plaintiff must "invite district court review and rejection of [that] judgment []." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced"– i.e., *Rooker-Feldman* has no application

6

> to federal-court suits proceeding in parallel with ongoing state-court litigation.

*Santana v. Fed. Nat'l Mortg. Ass'n*, 1:15-CV-1424, 2016 WL 676443, *3 (N.D.N.Y. Feb. 18, 2016) (quoting *id.*). Each of these four factors must be present for the doctrine to apply. *See id.* The fourth factor, that the state court judgment be entered before the commencement of the federal suit, is not satisfied by the entry of judgment in the state court case during the pendency of the federal action. *See Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 293 (2005) ("In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment, but federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court").

Here, Plaintiff commenced the instant action in this Court on May 22, 2015. *See* Dkt. No. 1. Final judgment was entered in her underlying state court foreclosure action on November 23, 2015. *See* Dkt. No. 25-1. It is clear that the federal court action was commenced well before the entry of final judgment in the state court action, such that the *Rooker-Feldman* doctrine does not apply. Thus, Santander Bank's motions to dismiss pursuant to the *Rooker-Feldman* doctrine are denied.

### *2. Res Judicata*

The doctrine of res judicata, or claim preclusion, applies if a defendant can show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see also Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 426 (S.D.N.Y. 2008) (noting that *res judicata* applies equally to *pro*

*se* litigants). Additionally, once a final judgment has been entered by a court of competent jurisdiction, "the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985) (internal quotation marks omitted); *see also Colonial Acquisition P'ship v. Colonial at Lynnfield, Inc.*, 697 F. Supp. 714, 717-18 (S.D.N.Y. 1988) ("Such a judgment precludes the subsequent litigation both of issues actually decided in determining the claim asserted in the first action[] and of issues that could have been raised in the adjudication of that claim" (quoting *Nat'l Labor Relations Bd. v. United Techs. Corp.*, 706 F.2d 1254, 1259 (2d Cir. 1983)). In New York, *res judicata* "also applies to defenses that could have been litigated, including defenses to a foreclosure." *Yeiser*, 535 F. Supp. 2d at 421 (citing *Mony Credit Corp. v. Colt Container Servs., Inc.*, 565 N.Y.S.2d 126, 126 (2d Dep't 1991)) (other citation omitted). "New York takes a transactional approach to *res judicata*: 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" *Id.* at 422 (quoting *Sosa v. J.P. Morgan Chase Bank*, 822 N.Y.S.2d 122, 124 (2d Dep't 2006). Thus, "[e]ven if there are variations in the facts alleged or different relief is sought," any subsequent action is barred if it arises out of the same general set of circumstances. *Id.*

The issues raised in this case are nearly identical to those in *Yeiser v. GMAC Mortgage Corporation*. In that Southern District case, the creditor brought a foreclosure action in state court against the plaintiffs over a $427,500 mortgage loan. 535 F. Supp. 2d at 417. The Supreme Court, Westchester County, granted the creditor's motion to strike the plaintiffs' answer and granted summary judgment on the foreclosure proceeding. *Id.* at 418. Thereafter, the judgment

8

of foreclosure and sale was entered, and the plaintiffs appealed. *Id.* The plaintiffs filed a motion to vacate the foreclosure, which was likewise denied, and plaintiffs again appealed. After several extensions of the foreclosure sale date, the plaintiffs withdrew their appeals from the appellate division. *Id.* at 419. After the appeals were withdrawn, the plaintiffs filed suit in federal court, asserting causes of action pursuant to the Real Estate Settlement Procedures Act ("RESPA"), N.Y. General Business Law, fraud, intentional infliction of emotional distress, conversion, breach of contract, and for punitive damages. *Id.* The Southern District held that it was precluded from entertaining the plaintiffs' suit against the same parties that were involved in the state court action, or those in privity with the state court parties. *Id.* at 423.

The instant action against Santander Bank meets all four requirements of the *res judicata* doctrine. Fulton County Supreme Court granted summary judgment against Plaintiff on April 8, 2015. *See* Dkt. No. 20-12; *see also Yeiser*, 535 F. Supp. 2d at 421 ("It is long settled in this Court and in New York State courts that a summary judgment dismissal is considered a decision on the merits for *res judicata* purposes"). Moreover, the state court entered a final judgment of foreclosure and sale on November 23, 2015, and the time to appeal that order has since passed. *See* Dkt. No. 25-1.

Plaintiff's complaint asserts the same causes of action that were litigated, or could have been litigated, in the underlying state court action. In state court, Plaintiff's answer to the foreclosure action asserted that she did "not wish to content this foreclosure proceeding." Dkt. No. 20-8. Thereafter, in response to Sovereign Bank's motion for summary judgment, Plaintiff sought to amend her answer to state, *inter alia*, "the affirmative defense that [Sovereign Bank] lack[s] standing to prosecute this action." Dkt. No. 20-10 at 6. The proposed amended answer raised several arguments, including that (1) the court lacked personal jurisdiction over Plaintiff,

9

(2) the court lacked subject matter jurisdiction, (3) Sovereign Bank was not the legal holder of the mortgage in question, and (4) Sovereign Bank did not comply with ample notice requirements for foreclosure actions. *See id.* at 13-15. Plaintiff's attached affidavit presented the argument that Sovereign Bank never properly indorsed the note when it was transferred to a third party. *Id.* at 19. Plaintiff submitted a memorandum of law arguing the merits of these points raised in her answer and supporting affidavits. *See id.* at 46-50. The Supreme Court, Fulton County considered Plaintiff's arguments and ultimately denied her request to file an amended answer and granted Sovereign Bank's motion for summary judgment. *See* Dkt. No. 20-12.

In her instant complaint, Plaintiff raises ten causes of action, each of which arise out of the circumstances surrounding the note and mortgage that formed the basis of the state court foreclosure action. While Plaintiff asserts a myriad of new legal theories for relief that she did not raise in the state court action, each of her causes of action could have been raised in the previous proceeding. *See Mercado v. Playa Realty Corp.*, No. CV 03-3427, 2005 WL 1594306, *7 (E.D.N.Y. July 7, 2005) (holding that the plaintiff could have asserted the new claims being raised in the federal action during the foreclosure action as counterclaims, therefore the claims were barred by *res judicata*). While Plaintiff asserts two causes of action based on federal statutes, the United State Racketeer Influenced and Corrupt Organizations Act ("RICO") and RESPA, each of these claims could have been raised in the state court proceeding. *See Tafflin v. Levitt*, 493 U.S. 455, 467 (1990) ("[W]e hold that state courts have concurrent jurisdiction to consider civil claims arising under RICO"); *Beckford v. Citibank N.A.*, No. 00 Civ. 205, 2000 WL 1585684, *4 (S.D.N.Y. Oct. 24, 2000) ("Plaintiff's RESPA claim was available to him during the state foreclosure proceedings, he remained silent on this issue during those proceedings, and litigation of the issue now would frustrate the rights and interests established in those

10

proceedings"); *see also Dupps v. Betancourt*, 994 N.Y.S.2d 633, 634 (2d Dep't 2014) (holding that a later action to vacate a foreclosure sale by asserting a claim of wrongful foreclosure is barred by *res judicata*).

Significantly, Plaintiff's complaint does not allege any improper actions by Defendants that occurred after the commencement of the state court action. *See In re Residential Capital, LLC*, 513 B.R. 446, 462 (Bankr. S.D.N.Y. 2014) (noting that claims arising after the commencement of the underlying foreclosure action are not barred by *res judicata*). Each of Plaintiff's causes of action are based on the allegedly improper manner in which the Defendants assigned, transferred, securitized, and otherwise provided notice for their actions pertaining to the underlying note and mortgage. *See* Dkt. No. 1 at ¶¶ 50, 60, 65-68, 111-12, 122, 143-47, 168, 215-26. Each of these transfers or assignments were completed prior to the commencement of the state foreclosure action. *See id.* at ¶ 35; Dkt. No. 20-4. Thus, all of Defendants' allegedly improper actions arise from the same nucleus of operative fact that was present in the state court foreclosure action.

The final prong of the *res judicata* doctrine limits its applicability to "the same parties or those in privity" to the state court parties. *Yeiser*, 535 F. Supp. 2d at 423 (citation omitted). "New York law provides that privity extends to parties 'who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action.'" *Id.* (quoting *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277 (1970)). The state court action was brought against Plaintiff by Sovereign Bank as owner and holder of the mortgage. *See* Dkt. No. 20-5 at 5. On October 13, 2008, Santander Bank acquired Sovereign Bank, wherein Sovereign Bank became a new wholly owned subsidiary of Santander Bank. Dkt. No. 20-1 at ¶ 14; Dkt. No. 20-13 at 7.

Santander Bank's acquisition of Sovereign Bank satisfies the privity element for purposes of *res judicata*. *See Bank of Am. Corp. v. Lemgruber*, 385 F. Supp. 2d 200, 233 (S.D.N.Y. 2005) ("'[A] corporate parent is deemed to be in privity with its subsidiary' for *res judicata* purposes 'when it sufficiently represents that subsidiary's interests'") (quoting *Lufti v. Down Jones*, 95 Civ. 8779, 1996 WL 343065, *2 (S.D.N.Y. June 20, 1996)). Accordingly, Plaintiff's claims asserted against Santander Bank, which all arise out of the same note and mortgage present in the state court foreclosure action, are barred by *res judicata*. *See Yeiser*, 535 F. Supp. 2d at 421-24.

In cases involving multiple parties with an interest in a property mortgage, privity status is extended to any future successors to the initial party's property interest in the mortgage, but does not extend privity to those that had an interest in the mortgage that preceded the foreclosure action. *See Council v. Better Homes Depot, Inc.*, No. 04 CV 5620, 2006 WL 2376381, *4 (E.D.N.Y. Aug. 16, 2006); *see also Yeiser*, 535 F. Supp. 2d at 423. The logic behind this application of privity status is that a party to a foreclosure proceeding shares an interest with any future mortgage-holders in preserving the value of the loan and the collateral. *See Council*, 2006 WL 2376381, at *4. Further, an agency relationship between parties is sufficient to establish privity for *res judicata*. *See John Street Leasehold, LLC v. Capital Mgmt. Res., L.P.*, 154 F. Supp. 2d 527, 542 (S.D.N.Y. 2001) (citations omitted); *see also Amalgamated Sugar Co. v. NL Indus., Inc.*, 825 F.2d 634, 640 (2d Cir. 1987) ("The doctrine of privity, which extends the *res judicata* effect of a prior judgment to nonparties who are in privity with the parties to the first action, is to be applied with flexibility") (citation omitted).

Sovereign Bank brought the state court foreclosure proceeding as owner and holder of the note and mortgage. *See* Dkt. No. 20-5 at 5. Currently, Freddie Mac is the owner of the mortgage, with Santander Bank being "delegated the authority by Freddie Mac to collect on the debt" and

acting as the servicer of the loan. *See* Dkt. No. 1 at 34, 36, 38-39. Accordingly, Freddie Mac's interest in the mortgage has been maintained subsequent to the state court foreclosure action, such that it is deemed to be in privity with Santander Bank. *See Yeiser*, 535 F. Supp. 2d at 423. Further, "district courts generally have found there to be privity between a mortgage servicer and the owner of mortgage . . . ." *Best v. Bank of Am., N.A.*, No. 14-CV-6546, 2015 WL 5124463, *3 (E.D.N.Y. Sept. 1, 2015) (citation omitted). Therefore, the Court finds that *res judicata* applies to preclude all claims asserted against Freddie Mac arising out of the note and mortgage on Plaintiff's property.

At the time Plaintiff entered into the mortgage, MERS was "acting solely as a nominee" for Sovereign Bank, and was recorded as mortgagee on the original recording. *See* Dkt. No. 20-3 at 3. On May 11, 2010, MERS assigned its interest in the mortgage to Sovereign Bank. *See* Dkt. No. 20-4 at 3. The state court foreclosure action was commenced on May 14, 2010, *see* Dkt. No. 20-5, and there is no indication that MERS retained any interest in the mortgage after the May 11 assignment. Accordingly, MERS' does not receive privity status for *res judicata* purposes because its interest in the note and mortgage preceded the state court foreclosure action. *See Yeiser*, 535 F. Supp. 2d at 423.

### *3. Statute of Limitations*

Santander Bank raises the statute of limitations defense to several of Plaintiff's claims. The Court will address whether these claims against MERS are barred by the statute of limitations, notwithstanding MERS' failure to file an answer, because Plaintiff was on notice that the defense was raised. *See Clement v. United Homes*, 914 F. Supp. 2d 362, 375 (E.D.N.Y. 2012) ("Where one defendant has successfully raised a statute of limitations defense with respect to a

13

particular claim, a court may also dismiss the claim *sua sponte* as to similarly situated defendants" (quotation omitted)).

### *a. Equitable Tolling*

In New York, the doctrine of fraudulent concealment tolls the statute of limitations "if the plaintiff establishes that: (1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's discovery of the nature of the claim within the limitations period; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." *Ellul v. Congregtion of Christian Bros.*, 774 F.3d 791, 801 (2d Cir. 2014) (quotation omitted); *see also Veltri v. Building Serv. 32B-J Pension Fund*, 393 F.3d 318, 323 (2d Cir. 2004) ("The relevant question is not the intention underlying defendants' conduct, but rather whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action").

Here, Plaintiff's vague allegations in her complaint about the measures that Defendants took to conceal the transfers of the note and mortgage could be interpreted to satisfy the first two elements. *See* Dkt. No. 1 at ¶¶ 43-44, 50. It is clear, however, that Plaintiff did not exercise due diligence in pursuing the discovery of these claims after the commencement of the underlying state court foreclosure action. After Plaintiff's first appearance in the state court action, she waited over four years to file a request to amend her answer and assert any opposition to Sovereign Bank's claims. *See* Dkt. No. 20-10. Significantly, Plaintiff did not attempt to provide a compelling argument for why she waited over four years to conduct the necessary inquiry into the claims brought against her. *See id.* at 49. Rather, Plaintiff simply stated that the facts underlying her argument were "hidden from the plaintiff by the defendant." *Id.* This explanation does not indicate why, when faced with an impending foreclosure action, Plaintiff waited four years to

14

investigate into the issues before her. The Court finds that, while Defendants may have concealed their allegedly improper actions prior to commencing the foreclosure action, Plaintiff failed to engaged in due diligence to investigate into the existence of any potential claims when a reasonable person in a similar situation would have been expected to do so. *See, e.g.*, *Griffin v. McNiff*, 744 F. Supp 1237, 1255 (S.D.N.Y. 1990) ("On a motion to dismiss, when the facts alleged in the complaint indicate that, with reasonable diligence, plaintiffs should have uncovered the alleged fraud prior to the limitations period, the claim will be time-barred"). Accordingly, the statute of limitations on any action accruing prior to the commencement of the foreclosure action is tolled until May 14, 2010, which is the date that the foreclosure action was commenced and when Plaintiff was put on notice that she should investigate the validity of the mortgage being foreclosed upon.

### b. Time-Barred Claims

#### i. RESPA & RICO

Plaintiff raises two federal causes of action pursuant to (1) RESPA § 2607, and (2) RICO § 1962. *See* Dkt. No. 1 at ¶¶ 177-181, 198-202.[1] It is undisputed that the longest applicable statute of limitations for these federal claims is four years. *See* 12 U.S.C. § 2614 (RESPA § 2607 statute of limitations is one year); *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 361 (2d Cir. 2013) ("The statute of limitations for a civil RICO claim is four years").

Any alleged RESPA violation against a mortgage servicing entity accrues, at the latest, when that entity assigns its interest to another party. *See Papapietro v. Popular Mortg. Servicing Co.*, No. 13-CV-2433, 2014 WL 5824682, *6 (E.D.N.Y. Nov. 10, 2014) (holding that RESPA

---

[1] While neither of these causes of action are specifically asserted against MERS, the Court will nonetheless assess whether any such claims are barred by the statute of limitations.

claims against a mortgage servicing entity arose, at the latest, at the time that that entity assigned its interest to another party). Accordingly, the statute of limitations on the RESPA claim runs from the commencement of the foreclosure action on May 14, 2010, pursuant to the tolling provision as discussed above.

Plaintiff's complaint asserts a general claim that "the Defendants formed an association-in-fact for the purpose of defrauding Plaintiff" in violation of RICO. *See* Dkt. No. 1 at 201. Although it is not clear from Plaintiff's complaint what specific fraudulent acts MERS and the other Defendants actually engaged in, the Court assumes for purposes of this motion that Plaintiff stated a valid RICO claim, and will address the statute of limitations for such claim. In a RICO case, "the first step in the statute of limitations analysis is to determine when the plaintiff sustained the alleged injury for which the plaintiff seeks redress. The court then determines when the plaintiff 'discovered or should have discovered the injury and begin[s] the four-year statute of limitations period at that point.'" *Koch v. Christi's Int'l PLC*, 699 F.3d 141, 150 (2d Cir. 2012) (quoting *In re Merrill Lynch Ltd. P'ships. Litig.*, 154 F.3d 56, 59 (2d Cir. 1998)). "Generally, the limitations period begins to run when a plaintiff has either 'actual or inquiry notice of the injury.'" *Papapietro*, 2014 WL 5824682, at *7 (quoting *Koch*, 699 F.3d at 151).

Here, since Plaintiff's RICO claim does not state what her specific injury was, the Court assumes that the injury she suffered was the commencement of the foreclosure proceeding against her.[2] On May 14, 2010, Sovereign Bank commenced the underlying state court foreclosure action against Plaintiff. *See* Dkt. No. 20-5. The commencement of this action by an entity that Plaintiff now claims did not have the legal authority to maintain such an action would have prompted a

---

[2] The actual entry of the foreclosure judgment against Plaintiff cannot be the complained of injury because the entry of judgment occurred after Plaintiff commenced the instant action.

16

reasonable borrower in the same position to investigate. Therefore, Plaintiff was on inquiry notice of the alleged RICO violations, at the latest, on May 14, 2010. Accordingly, Plaintiff's RESPA and RICO claims are barred by the statute of limitations, and her fifth and eighth causes of action are dismissed.

### *ii. Conversion*

"A claim for conversion under New York law has a three-year statute of limitations and accrues upon the act of conversion, 'regardless of when the conversion is discovered.'" *City of Syracuse v. Loomis Armored US, LLC*, 900 F. Supp. 2d 274, 292 (N.D.N.Y. 2012) (quotation and citations omitted). Plaintiff's complaint, liberally construed, contends that MERS engaged in conversion when it improperly assigned its mortgage interest to Sovereign Bank. *See* Dkt. No. 1 at ¶ 207. As this assignment occurred on May 10, 2010, Plaintiff's ninth cause of action for conversion is dismissed.[3]

### *c. Not Barred Claims*

Plaintiff's causes of action for the breach of the covenant of good faith and fair dealing, fraud, and breach of contract each have six year statutes of limitations. *See Flight Scis., Inc. v. Cathay Pac. Airways Ltd.*, 647 F. Supp. 2d 285, 288 (S.D.N.Y. 2009) (covenant of good faith and fair dealing); *Childers v. N.Y. & Presbyterian Hosp.*, 36 F. Supp. 3d 292, 313 n.2 (S.D.N.Y. 2014) (fraud); N.Y. C.P.L.R. § 213(2). The statute of limitations for a quiet title action is ten years. N.Y. C.P.L.R. § 212(a). Plaintiff incorrectly cites 28 U.S.C. § 2409 to support her quiet title cause of action, which only applies to disputes over title when the United States is a party to

---

[3] The Court notes that, while Plaintiff alleges that Santander Bank engaged in conversion within the statute of limitations via the allegedly improper foreclosure action, the Court need not consider this argument as such claims against Santander Bank are barred by *res judicata*.

the action. *See* Dkt. No. 1 at ¶ 161. However, the Court will construe Plaintiff's quiet title claim as being brought pursuant to N.Y. Real Property Actions and Proceedings Law ("R.P.A.P.L.") § 1515. *See Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 419 (S.D.N.Y. 2010) (discussing the pleading requirements of R.P.A.P.L. § 1515); *see also Harris v. Thompson*, No. 296152002, 2009 WL 2915312, *2 (Sup. Ct. Queens Cnty. Sept. 10, 2009) (finding that allegations that the assignor of a mortgage to the defendant was not a bona fide encumbrancer were sufficient to state a claim pursuant to R.P.A.P.L. Article 15 ). Since each of these causes of action are not barred by the statute of limitations, and given that MERS stands in a significantly different position on these claims than does Santander Bank, the Court will not address the underlying merits of these claims as asserted against the non-appearing MERS. Further, it would be premature to dismiss Plaintiff's cause of action for declaratory relief requesting that MERS be classified "solely as a 'nominee' for the lender as the beneficiary of the security interest." Dkt. No. 1 at ¶ 156. Accordingly, Plaintiff's first, second, fourth, sixth, and seventh causes of action against MERS are not dismissed.

### *3. Remaining Causes of Action*

#### *a. Negligence Per Se*

Plaintiff does not allege a negligence per se cause of action against MERS. *See* Dkt. No. 1 at ¶¶ 165-170. Since this claim is precluded by *res judicata* as to Santander Bank and Freddie Mac, Plaintiff's third cause of action is dismissed.

#### *b. Wrongful Foreclosure*

Plaintiff's claim for wrongful foreclosure alleges that "all Defendants involved in the foreclosure have failed to fulfill their legal obligation to Plaintiff." Dkt. No. 1 at ¶ 214. MERS

assigned its interest in the mortgage to Sovereign Bank before the foreclosure proceeding was commenced and was not involved in that action. Thus, MERS is not a proper defendant to Plaintiff's wrongful foreclosure claim and her tenth cause of action is dismissed.

### *c. Doe Defendants*

Plaintiff's complaint fails to plead any allegations against the unnamed Doe Defendants. As such, all claims against Doe Defendants 1 through 10 are dismissed. *See Valade v. City of N.Y.*, 949 F. Supp. 2d 519, 531 (S.D.N.Y. 2013) (quotation omitted) ("Where a plaintiff 'has had ample time to identify' a Doe defendant but gives 'no indication that he has made any effort to discover the [defendant's] name,' the plaintiff 'simply cannot continue to maintain a suit against' the [Doe defendants]").

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant Santander Bank's motions to dismiss for lack of subject matter jurisdiction (Dkt. Nos. 25, 27) are **DENIED**, and the Court further

**ORDERS** that Defendant Santander Bank's motion to dismiss for failure to state a claim (Dkt. No. 20) is **GRANTED in part** and **DENIED in part** as stated herein,[4] and the Court further

**ORDERS** that Defendants Santander Bank and Federal Home Loan Mortgage Corporation are **DISMISSED** from this action, and the Court further

---

[4] Plaintiff's first, second, fourth, sixth, and seventh causes of action as stated against Defendant Mortgage Electronic Registration Systems survive the instant motion to dismiss. All claims asserted against Defendants Federal Home Loan Mortgage Corporation and Santander Bank are dismissed.

19

**ORDERS** that Doe Defendants 1 through 10 are **DISMISSED** from this action, and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 20, 2016
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge